IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )  CRIM. NO. 03-00078 HG
    )  CIVIL NO. 05-00061 HG-BMK
        Plaintiff,    )
    )
    )
      vs.    )
    )
STACEY KUAMO'O,    )
    aka "Stacey Bohol",    )
    )
        Defendant.    )
    )
_____ )

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255 AND DENYING "MOTION FOR INSPECTION OF DISCOVERY MATERIAL AND PRODUCTION OF EVIDENCE/DOCUMENTATION FOR THE PROPER PREPARATION OF HABEAS CORPUS PETITION"**

Movant Stacey Kuamo'o ("Movant") seeks relief from his sentence under 28 U.S.C. § 2255.  Movant argues that: (1) his counsel failed to procure a Fed. R. Crim. P. 35 ("Rule 35") motion from the Government; (2) he had insufficient time to review the plea agreement; and (3) his counsel should have made an <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) challenge with respect to the Court's determination of the drug quantity at sentencing.

Movant has failed to state a claim for Section 2255 relief because: he knowingly and voluntarily entered into a valid and

1

enforceable plea agreement in which he agreed to the quantity of drugs at issue and in which he waived his right to collaterally attack his sentence except on limited grounds; he has not been rendered ineffective assistance of counsel; and his claim with respect to the Rule 35 motion is moot because, since the filing of Movant's Section 2255 petition, the Government has filed a Rule 35 motion.  Movant is not entitled to discovery because his Section 2255 petition does not state a claim for relief.

Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED. Movant has not shown good cause for discovery and his "Motion for Production of Discovery Material and Production of Evidence/Documentation for the Proper Preparation of Habeas Corpus Petition" is DENIED.

## PROCEDURAL HISTORY

On February 13, 2003, a grand jury indicted Movant on four counts:

(1)  Count 1 - Possession with intent to distribute in excess of 50 grams of Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

(2)  Count 2 - Possession of a firearm during and in relation to a drug trafficking crime in violation of Title 18, United States Code, Section 924(c);

(3)  Count 3 - Unlawful use of a controlled substance while

in possession of a firearm in violation of Title 18, United States Code, Section 922(g); and

(4)  Count 4 - Possession of a firearm from which the manufacturer's serial number had been removed in violation of Title 18, United States Code, Section 922(k).

On May 19, 2003, Movant entered a guilty plea pursuant to a Memorandum of Plea Agreement ("Plea Agreement").  Movant pled guilty to Counts 1 and 2 of the Indictment.

On February 2, 2004, the Court sentenced Movant to 120 months confinement as to Count 1 and 60 months as to Count 2. The sentences to be served consecutively.  The Court also sentenced Movant to a term of five years of supervised release and ordered a special assessment of $200.00.

Judgment was entered on February 4, 2004.  Movant did not appeal.

On January 28, 2005, Movant filed a Motion under Title 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("Section 2255 Motion").

On January 28, 2005, Movant also filed a "Motion for Inspection of Discovery Material and Production of Evidence/Documentation for the Proper Preparation of Habeas Corpus Petition."

On January 31, 2005, the Government filed an "Anticipatory Motion for Reducing Defendant's Sentence for Substantial

Assistance".

On February 24, 2005, The Government filed its "Response to Stacey Kuamo'o's Motion Under Title 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence".

On March 10, 2005, Movant filed "Petitioner's Reply to Government's Response to 28 U.S.C. § 2255 Motion".

On September 8, 2005, Movant filed "Petitioner's Supplemental Reply Brief".

On February 10, 2006, the Government filed a "Motion for Reduction of Sentence for Substantial Assistance Pursuant to F.R.Cr.P. 35(b)(2)(B)" ("Rule 35 Motion").

## BACKGROUND

Movant admitted to the following facts in his Plea Agreement:

On January 28, 2003, Movant, while under police surveillance, sold a quantity of methamphetamine to a confidential informant.  A search warrant was authorized and executed on the vehicle from which Movant conducted the drug transaction.  A search of Movant's vehicle resulted in the discovery and seizure of approximately 87 grams (gross weight) of methamphetamine (also known as "ice"), two firearms (one loaded), and approximately $9,000 in U.S. currency.

On January 29, 2003, a vice detective with the Hawaii County Police Department advised Movant of his rights prior to an

interview.  Movant waived his rights and agreed to be
interviewed.  During the interview, Movant indicated that all of
the ice (which, by his own estimate, was approximately 3-4
ounces), the hand guns, and the money found inside the vehicle
during the search were his.  Movant admitted that he possessed
the methamphetamine with the intention of distributing it and
that he was a drug user and smoked ice.

     Based on Movant's statement, Movant used the .25 caliber
"Ravens Arm" handgun with a loaded magazine (not chambered) that
was found in the glove compartment between the two front
passenger seats during his drug transactions "for protection" . .
. "in case anybody tried to rip off my money or drugs."  Movant
admitted to ownership of a green pouch found in the car which
contained a .32 caliber handgun, ammunition for the handgun and
more methamphetamine.  Laboratory analysis showed a positive
finding for methamphetamine in the amount of 75.8 grams with a
purity of 99% and 5.2 grams with a purity of 98%.

     On May 19, 2003, Movant pled guilty to possessing with
intent to distribute in excess of fifty (50) grams of
methamphetamine in Hawaii (Count 1) and to possessing two
firearms during and in relation to a drug trafficking crime
(Count 2).  Movant acknowledged that he understood that the
penalties for Count 1 would be a statutory mandatory minimum of
imprisonment of ten years and that the penalties for Count 2

would be a statutory mandatory minimum of five years.  At the plea colloquy, Movant acknowledged that he understood that these were mandatory consecutive sentences.

### STANDARD OF REVIEW

I.  **28 U.S.C. § 2255**

28 U.S.C. § 2255 ("Section 2255") permits a prisoner in custody, under sentence of a court, claiming the right to be released on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, to move the court which imposed the sentence to vacate, set aside, or correct the sentence.  28 U.S.C. § 2255.

Under Section 2255, a court shall hold an evidentiary hearing on a prisoner's Section 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985).  "Merely conclusory statements in a § 2255 motion are not enough to require a hearing."  United States v. Johnson, 988 F.2d 941, 945

(9th Cir. 1993) (citing <u>United States v. Hearst</u>, 638 F.2d 1190, 1194 (9th Cir. 1980), <u>cert</u>. <u>denied</u>, 451 U.S. 938 (1981)).

## II.  <u>Ineffective Assistance of Counsel</u>

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  U.S. Const. amend. VI; <u>see</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984).

In <u>Strickland</u>, the United States Supreme Court set forth a two-part test for determining if a defendant received ineffective assistance of counsel. 466 U.S. at 687; <u>see</u> <u>also</u> <u>Karis v. Calderon</u>, 283 F.3d 1117, 1133 (9th Cir. 2002).  A defendant must demonstrate: (1) that counsel's performance was so deficient that he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment;  and (2) that the movant was prejudiced by the deficient performance.  <u>Strickland</u>, 466 U.S. at 687-88; <u>Calderon</u>, 283 F.3d at 1133.  In order for a court to find that counsel's actions were deficient, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 687-88.  For a finding of  prejudice, the petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694; <u>Caro v. Woodford</u>, 280 F.3d 1247, 1256 (9th Cir. 2002). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694; <u>Caro</u>,

7

280 F.3d at 1256.

In assessing counsel's performance, judicial scrutiny must take into account the facts of the particular case, viewed as of the time of counsel's conduct. <u>See</u> <u>Strickland</u>, 466 U.S. at 689-90; <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 371 (1993). The reasonableness of counsel's decisions "must be evaluated as of the time that the legal services were rendered so as to minimize the distortions of hindsight." <u>Caro</u>, 280 F.3d at 1254.

To prevail on a claim for ineffective assistance of counsel challenging a guilty plea, Movant must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. <u>See</u> <u>Washington v. Lampert</u>, 422 F.3d 864, 873 (9th Cir. 2005).

<u>**ANALYSIS**</u>

I. <u>**Jurisdiction**</u>

Movant states that "he suspects that his case has never been a federal matter and has always been a matter of jurisdiction of the state of Hawaii." (Petitioner's Reply Brief at 2.) Movant's contention is without merit. This Court has jurisdiction because Movant was charged with violating federal statutes, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1).

## II.  <u>Ineffective Assistance Of Counsel</u>

Each of the main grounds asserted by Movant for habeas relief is in the form of an ineffective assistance of counsel claim.  Movant argues that: (1) his counsel failed to procure a Rule 35 motion from the Government; (2) he had insufficient time to review the Plea Agreement; and (3) his counsel should have made an <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) challenge with respect to the Court's determination of the drug quantity at sentencing.

Movant also states that the United States Supreme Court's decisions in <u>United States v. Booker</u>, 543 U.S. 220 (2005) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) should be applied retroactively to his case.  This argument fails outright.  The Court sentenced Movant according to two statutory mandatory minimum terms required by federal law.  <u>Blakely</u> is not applicable to Movant's federal sentence.  Further, <u>Booker</u> is not retroactively applicable to cases on collateral review.  <u>See</u> <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005), <u>cert</u>. <u>denied</u>, __ U.S. __ , 126 S. Ct. 1181 (2006).

### A.   **The Government Has Filed a Rule 35 Motion**

Movant complains that his counsel promised him that the Government would file a Rule 35 motion seeking a reduction of his sentence.  At the time Movant filed his Section 2255 Motion, the Government had not yet filed the Rule 35 Motion.  Because the

Government has now filed the Rule 35 Motion, Movant's ineffective assistance of counsel claim is moot to the extent he bases it on his counsel's failure to procure a Rule 35 motion from the Government.

In the Rule 35 Motion the Government moved for a reduction in Movant's sentence as to Count 1 of the Indictment (violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(A)).  Movant was subject to a 10-year statutory mandatory minimum term of imprisonment for Count 1.  In light of Movant's substantial assistance the Government recommended a downward departure below the 10-year statutory mandatory minimum to a sentence within the federal sentencing guideline range for an offense level of 27, criminal history category I, with a range between 70 and 87 months.

The Court is awaiting proper service of the Rule 35 Motion upon Defendant, to allow Defendant to respond, before it can enter an order with respect to the Motion.[1]  The Section 2255 Motion has been outstanding for one year because the parties requested that the Court withhold ruling on the Section 2255 Motion while it decided the Rule 35 Motion, which was not filed until February 10, 2006.  Having reviewed the Rule 35 Motion, it

---

[1] The certificate of service on the Rule 35 Motion indicates that the Government served Movant's former counsel.  Because Movant is no longer represented, the Government must serve Movant directly.

10

is clear that it is not necessary for the Court to rule on the Rule 35 Motion before reaching the issues raised by Movant's Section 2255 Motion.  The issues raised in Movant's Section 2255 Motion are straightforward and are properly addressed independently of the Rule 35 Motion.

**B.   Plea Agreement**

On May 19, 2003, Movant entered a guilty plea before a United States Magistrate Judge.  Movant entered a guilty plea to Count 1 of the Indictment - Possession with intent to distribute in excess of 50 grams of methamphetamine in violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(A) - and to Count 2 - possession of a firearm during and in relation to a drug trafficking crime in violation of Title 18, U.S.C. § 924(c).

In doing so, Movant admitted that he was guilty of possession with intent to distribute in excess of 50 grams of methamphetamine as charged in Count 1 of the Indictment.  Movant also admitted, among other facts, that a search of Movant's vehicle resulted in the discovery and seizure of approximately 87 grams (gross weight) of methamphetamine, two firearms (one loaded), and approximately $9,000 in U.S. currency.  In the Plea Agreement, Movant admitted that the Drug Enforcement Administration Southwest Laboratory analyzed the substances found in Movant's vehicle which resulted in a positive finding for methamphetamine in the amount of 75.8 grams with a purity of 99%

and 5.2 grams with a purity of 98%.

### 1.   *Express Waiver of Collateral Attack*

As part of the Plea Agreement, Movant waived his right to attack his sentence except on ineffective assistance of counsel grounds or to challenge the portion of his sentence that departed upward from the sentencing guideline range.  Here, the Court did not impose a sentence that departed upward from the guideline range.

Paragraph 10 of the Plea Agreement provides:

The defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the matter in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this Plea Agreement.

  a.   The defendant also waives, except as indicated in subparagraph "b" below, his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

  b.   If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack . . .

The court will enforce the plain, unambiguous terms of a plea agreement.  See Wilson Arlington Co. v. Prudential Ins. Co. of Am., 912 F.2d 366, 370 (9th Cir. 1990).  Courts will enforce a defendant's wavier of his right to appeal if: (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal; and (2) the waiver is knowingly and voluntarily made.  See United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000) (appeal waiver is valid when it is entered knowingly and voluntarily); United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (same).

Movant's waiver satisfies the first requirement.  The language of the Plea Agreement is plain and unambiguous.  Movant waived his right to challenge his sentence in a Section 2255 motion except on ineffective assistance of counsel grounds or if the court departed upward from the guideline range.   As discussed below, Movant also satisfies the second requirement because his plea was made knowingly and voluntarily.

### 2.  Plea Colloquy

The plea colloquy before the United States Magistrate Judge reflects that, contrary to Movant's contention, he was fully aware of the terms of the Plea Agreement and entered into the guilty plea knowingly and voluntarily.

During the plea colloquy, Movant:

•    acknowledged that he had fully discussed the charges

13

and all facts surrounding the charges in the Indictment with his counsel;

- stated that he was satisfied with the representation he had received from counsel;

- acknowledged that he signed the Plea Agreement and had an opportunity to read and discuss it with his counsel before doing so;

- acknowledged that he understood the terms of the Plea Agreement;

- acknowledged that the Government's summary of the contents of the Plea Agreement accurately reflected his understanding of same;

- acknowledged that he fully understood the charges covered by the Plea Agreement;

- acknowledged that he discussed with his counsel how the sentencing guidelines might apply to his case and that the sentence imposed may be different from any estimate he had received from counsel;

- acknowledged that by pleading guilty he was giving up his right to a jury trial and other related rights;

- acknowledged that the facts stated in the Plea Agreement were all true in every respect;

- acknowledged that he possessed more than 50 grams of methamphetamine that he intended to sell; and

14

- acknowledged that he possessed guns in connection with the methamphetamine.

- acknowledged that he understood that because Count 2 is a firearm offense during and in relation to a crime of drug trafficking, he would receive a consecutive sentence with a mandatory minimum of five years.

(See Transcript of Proceedings held on May 19, 2003 Before the Honorable Kevin S. Chang, filed June 6, 2003, ("5/19/03 Tr.") at 5-12.)

Movant does not claim that the Plea Agreement is invalid, and there is no evidence that Movant unknowingly or involuntarily waived his right to collaterally attack his plea.[2]

Because Movant's waiver is valid and enforceable, ineffective assistance of counsel is the only ground upon which Movant can challenge his sentence in a Section 2255 petition.

### 3.   Movant's Counsel Was Not Ineffective With Regard to the Plea Agreement

With regard to Movant's ineffective assistance of counsel argument concerning the Plea Agreement, Movant claims that

---

[2] While Movant entered into his Plea Agreement before the United States Supreme Court decided Booker, his waiver of appeal is still enforceable.  A change in law that occurs after a plea agreement is entered into does not make the terms of a plea unknowing or involuntary.  See United States v. Pacheco-Navarette, 432 F.3d 967, 969 (9th Cir. 2005) ("plea colloquy is not deficient solely because the district court did not advise a defendant of rights established by subsequent judicial decisions or changes in the law").

counsel did not inform him of the length of his sentence.  (See Section 2255 Motion at 4.)

Movant's ineffective assistance of counsel argument with respect to the Plea Agreement fails.  During the lengthy plea colloquy before the United States Magistrate Judge, the Movant stated that he was satisfied with his counsel's representation and that he understood the terms of the Plea Agreement.  The Court reviewed the possible penalties with Movant, including the fact that the penalties for Movant's Count 1 violation included a mandatory minimum term of imprisonment of 10 years and the penalties for Movant's Count 2 violation included a mandatory minimum term of imprisonment of 5 years.  After acknowledging that he understood the mandatory statutory minimums, the Court asked Movant:

> "[D]o you understand that because of the nature of the offenses in this case the judge will impose consecutive sentences, one will follow the other?  Do you understand that?"

(5/19/03 Tr. at 9, lines 14-18.)

Movant responded "Yes".  (Id. at line 19.)

The Court also specifically advised Movant that the sentence imposed could be different from any estimate given to him by his attorney.  Movant acknowledged that he understood. In light of these facts, Movant cannot now claim that he did not understand

16

the terms of the plea or that his counsel failed to properly
advise him regarding same.

For these reasons, the plea is valid and enforceable and any
ineffective assistance of counsel challenge with regard to
counsel's representations to the Movant as to the Plea Agreement
fails.

C. **Apprendi Does Not Apply Because Movant Pled Guilty to the Drug Quantity Used by the Court in Determining His Sentence**

Movant argues that his counsel should have objected based on
Apprendi v. New Jersey, 530 U.S. 466 (2000) to the Court's
determination of the drug quantity at sentencing.  Movant's
argument fails because Movant admitted the drug quantity in the
Plea Agreement and at the time of entering his plea, and thereby
waived his right to a jury determination of the drug quantity.

Apprendi held that "[o]ther than the fact of a prior
conviction, any fact that increases the penalty for a crime
beyond the prescribed statutory maximum must be submitted to a
jury, and proved beyond a reasonable doubt." 530 U.S. at 490.
Apprendi requires the government to prove beyond a reasonable
doubt only those facts (other than a prior conviction) that
expose the defendant to a greater punishment than that authorized
by the guilty verdict or plea.  United States v. Banuelos, 322
F.3d 700, 704-05 (9th Cir. 2003) (citing Apprendi, 530 U.S. at
489, 494).

17

Where a guilty plea is involved, the inquiry is whether the drug quantity has been established beyond a reasonable doubt. "In assessing the scope of the facts established beyond a reasonable doubt by a guilty plea, we must look at what the defendant actually agreed to--that is, what was actually established beyond a reasonable doubt." Banuelos, 322 F.3d at 707.

Here, Movant's clear admission in his plea of the quantity of drugs involved in the offense forecloses an Apprendi argument. See United States v. Silva, 247 F.3d 1051, 1060 (9th Cir. 2001) (where defendants' sentences were within statutory range for crime to which they pled guilty, they could not claim that their sentences were inconsistent with the principle announced in Apprendi).

Contrary to Movant's suggestion, the reasoning in United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005), does not apply here. First, Ameline dealt with a case on direct appeal. Second, Ameline dealt with the very limited circumstance in which the sentencing court sentenced defendant based on the consideration of facts and circumstances not found by a jury *or admitted by the defendant* and where the appellate court could not determine from the record whether the sentencing judge would have imposed a materially different sentence had he known the guidelines were advisory rather than mandatory. Movant's case is

18

not on direct appeal and Movant *admitted* the drug quantity used by this Court in determining his sentence.

As discussed above, Movant knowingly and voluntarily entered into a plea in which he agreed to the quantity of drugs at issue. Due to Movant's admissions, Movant had no right to a jury determination of the quantity of drugs at issue and it was objectively reasonable for Movant's counsel not to raise an Apprendi argument at sentencing.

### III. Motion for Production of Discovery Material and Production of Evidence

Movant has filed a motion containing approximately seventy (70) separate discovery requests pertaining to the evidence against Movant as to the crimes charged in the Indictment. Movant is not entitled to the material requested to pursue his Section 2255 Motion.  Under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, courts may authorize parties to a Section 2255 habeas proceeding to conduct discovery for good cause shown.  Good cause under Rule 6(a) exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . ." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997). Habeas petitioners may not "use federal discovery for fishing expeditions to investigate mere speculation." Calderon v. U.S. Dist. Court, 98 F.3d 1102, 1106 (9th Cir. 1996).  Because

Movant's Section 2255 Motion does not state a claim for relief, he has not shown good cause and is not entitled to discovery.

## IV.  The Court Need Not Hold an Evidentiary Hearing

The Court further finds that Movant's Section 2255 Motion is suitable for disposition without a hearing.  The law is clear that Movant is not entitled to habeas relief on the claims contained in his Section 2255 Motion.  Movant's motion, the Government's response, the case file, and records of the case conclusively show that Movant is not entitled to habeas relief on the grounds he alleges.  See 28 U.S.C. § 2255.  The Court will not hold an evidentiary hearing on Movant's Section 2255 Motion. See Shah, 878 F.2d at 1158; Schaflander, 743 F.2d at 717.

## CONCLUSION

For the foregoing reasons,

(1)  Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 41) is **DENIED**; and

(2)  Movant's "Motion for Inspection of Discovery Material and Production of Evidence/Documentation for the Proper Preparation of Habeas Corpus Petition" (Doc. 42) is **DENIED.**

//

//

//

20

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 22, 2006.



_____
Helen Gillmor
Chief United States District Judge

---

United States of America v. Kuamo'o; Civil No. 05-00061 HG-BMK,
Crim. No. 03-00078 HG; ORDER DENYING MOVANT'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY
UNDER 28 U.S.C. § 2255 AND DENYING "MOTION FOR INSPECTION OF
DISCOVERY MATERIAL AND PRODUCTION OF EVIDENCE/DOCUMENTATION FOR
THE PROPER PREPARATION OF HABEAS CORPUS PETITION".